UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD A. SANTIAGO,

    Petitioner,

v.

PENNSYLVANIA BOARD OF
PROBATION AND PAROLE, et al.,

    Respondents.

CIVIL ACTION NO. 3:14-CV-02266

(KOSIK, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

On November 26, 2014, the Court received and filed a petition for a writ of habeas corpus (Doc. 1) submitted pursuant to 28 U.S.C. § 2254, together with a memorandum of law in support (Doc. 1-4), both of which were signed and dated by the Petitioner on November 26, 2014.

**I. STATEMENT OF THE CASE**

    A. PROCEDURAL HISTORY

On July 16, 2010, following a jury trial, Santiago was convicted in the Court of Common Pleas of York County of sexual assault, but acquitted him of rape by forcible compulsion, and involuntary deviate sexual intercourse by forcible compulsion. *Commonwealth v. Santiago,* Docket No. CP-67-CR-0004772-2009 (York County C.C.P.).[1] He was sentenced on

---

[1] In addition to the petition, a federal habeas court may take judicial notice of state court records, as well as its own records. *Minney v. Winstead,* No. 2:12-cv-1732, 2013 WL 3279793, at *2 (W.D. Pa. June 27, 2013); *see also Reynolds v. Ellingsworth,* 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of York County, the Superior Court of Pennsylvania, and the Supreme Court of

October 28, 2010 to three to six years' imprisonment. *Commonwealth v. Santiago*, Docket No. CP-67-CR-0004772-2009 (York County C.C.P.). Santiago filed a notice of appeal on November 15, 2010, but the Court subsequently granted his petition to withdraw the direct appeal on June 14, 2011. *Commonwealth v. Santiago*, Docket No. CP-67-CR-0004772-2009 (York County C.C.P.). Santiago filed a counseled PCRA petition on November 18, 2011. *Commonwealth v. Santiago*, Docket No. CP-67-CR-0004772-2009 (York County C.C.P.). On December June 29, 2012, the Court filed a notice of intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. *Commonwealth v. Santiago*, Docket No. CP-67-CR-0004772-2009 (York County C.C.P.). The PCRA court denied the petition on December 21, 2012. Santiago appealed on January 11, 2013. *Commonwealth v. Santiago*, Docket No. CP-67-CR-0004772-2009 (York County C.C.P.). His appeal was denied on November 26, 2013. *Commonwealth v. Santiago*, Docket No. CP-67-CR-0004772-2009 (York County C.C.P.).

Santiago filed the instant *pro se* federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on November 26, 2014, together with a supporting memorandum of law. (Doc. 1-4). On December 4, 2014, the Court entered a Rule 4 Show Cause Order, directing Santiago to show cause as to why his petition should not be dismissed, as it appeared from the petition, the supporting memorandum, and the state court dockets that the petition was untimely filed. (Doc. 2). Santiago filed a response on January 5, 2015, requesting that the statute of limitations be equitably tolled on the basis that his attorneys misadvised him about the deadline to file his petition. (Doc. 3).

---

Pennsylvania, as well as its own records with respect to a previous federal habeas petition filed by Santiago in this Court.

B. HABEAS CLAIMS PRESENTED

The petition asserts that Santiago is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

(1) Santiago was denied the effective assistance of counsel at trial because his trial counsel failed to raise a conflict of interest;

(2) Santiago was denied the effective assistance of counsel at trial because his trial counsel failed to inform Santiago of his conflict of interest; and

(3) Santiago was denied the effective assistance of counsel at trial because his trial counsel failed to present the exculpatory evidence of Julius S. Piver, a board certified gynecologist who opined that the facts of Santiago's case did not comport with the allegations of sexual assault;

(4) Santiago was denied the effective assistance of counsel at trial because his trial counsel failed to object to the testimony of Susan MacDonald, the nurse who examined the alleged victim and opined that the injuries the victim sustained with the result of "blunt force trauma."

II. DISCUSSION

A. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal habeas corpus petitions pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). The statute also prescribes how the one-year limitation period is calculated, including the date on which the limitation period begins, 28 U.S.C. § 2244(d)(1), and the circumstances in which the limitation period may be tolled, 28 U.S.C. § 2244(d)(2).

1. **Calculation of the Applicable Limitation Period**

Under the AEDPA, a prisoner generally must file any federal habeas corpus petition within one year of the date that his conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Where a petitioner does not pursue direct review of his conviction all the way to the Supreme Court of

3

the United States, his conviction becomes final when the time for pursuing direct review in that Court, or in state court, expires. *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012). Here, Santiago filed a direct appeal, but then withdrew his appeal, which was granted on May 2, 2011. As such, the judgment became final on the date the Superior Court of Pennsylvania granted Santiago's abandonment of appeal on May 2, 2011. *See, eg., White v. Klitzkie,* 281 F.3d 920, 923 (9th Cir.2002) ("[Petitioner's] conviction became final on [the date] he dismissed his direct appeal."). Thus, absent any applicable tolling period, Santiago had until May 2, 2012, to timely file his federal habeas petition for a writ of habeas corpus. The instant petition was filed nearly two-and-a-half years later on November 26, 2014.

### 2. Statutory Tolling of the Limitation Period

A person in state custody may toll the running of the AEDPA's limitation period during the time in "which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). On November 18, 2011, Santiago filed his *pro se* PCRA petition in the Court of Common Pleas, 200 days after his conviction became final on May 2, 2011. When Santiago's PCRA petition was dismissed by the Court of Common Pleas, he appealed to the Superior Court. The Superior Court affirmed the dismissal of his PCRA petition on November 26, 2013. The statutory tolling period thus concluded on December 26, 2013, the deadline to petition for allocator after the denial of Santiago's PCRA petition was affirmed on November 26, 2013. *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 n.4 (3d Cir. 2013) ("A PCRA petition remains pending 'during the time a prisoner has to seek review of the Pennsylvania Superior Court's decision [by filing a petition for allowance of appeal to the Pennsylvania Supreme Court] whether or not review is actually sought.'") (quoting *Swartz v. Meyers,* 204 F.3d 417, 424 (3d Cir. 2000)). Santiago filed the instant federal habeas petition on November 26, 2014. Accordingly, the instant petition is time-barred unless

there are grounds for equitable tolling of the statute of limitations.

### 3. Equitable Tolling of the Limitation Period

In addition to a period of statutory tolling, the petitioner may be entitled to equitable tolling of the statute of limitations. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of establishing that he is entitled to the benefit of the doctrine of equitable tolling. *Pace*, 544 U.S. at 418.

"The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Holland*, 560 U.S. at 653). "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case." *Ross*, 712 F.3d at 799. A diligent prisoner is one who did "what he reasonably thought was necessary to preserve his rights . . . based on information he received[.]" *Munchinski v. Wilson*, 694 F.3d 308, 332 (3d Cir. 2012) (quoting *Holmes v. Spencer*, 685 F.3d 51, 65 (1st Cir. 2012)) (alterations in original).

Here, Santiago appears to have acted with reasonable diligence at each step of the criminal and post-conviction proceedings that came before this petition. He timely filed his notice of direct appeal to the Superior Court, his PCRA petition in the Court of Common Pleas,

and his PCRA notice of appeal to the Superior Court. *Cf. Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013). Moreover, although he waited 200 days before filing his initial PCRA petition, Santiago "is not ineligible for equitable tolling simply because he waited until late in the limitations period to file his [PCRA] petition." *LaCava*, 398 F.3d at 277 (quoting *Valverde v. Stinson*, 224 F.3d 129, 136 (2d Cir. 2000) (three months left in limitations period)); *Jenkins*, 705 F.3d at 89 n.15 (less than 90 days left in limitation period)). Rather, the length (or brevity) of the remaining limitations period is merely a "factor to be taken into consideration" in evaluating whether the petitioner's actions were reasonably diligent under the circumstances he faced. *See LaCava*, 398 F.3d at 277.

In addition to reasonable diligence, a petitioner seeking equitable tolling must show "'that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland* 560 U.S. at 649. Here, Santiago claims that counsel, Joshua M. Autry, Dennis E. Boyle, and Megan E. Schanbacher, misadvised him as to the deadline for filing his habeas petition. He provides as support for this claim a joint declaration submitted by counsel admitting that they incorrectly believed that the one year deadline to file a habeas petition was not triggered until the deadline to pursue state collateral relief expired. (Doc. 3).

It is well established that "garden variety" claims of attorney negligence, such as miscalculation of a filing deadline, inadequate research, or other mistakes, do not rise to the level of "extraordinary circumstances" that warrant equitable tolling. *See Holland*, 560 U.S. at 651–52; *Lawrence*, 549 U.S. at 336–37; *LaCava*, 398 F.3d at 276. But more egregious attorney misconduct, such as an attorney's abandonment of his client, can create the "extraordinary

circumstances" required for equitable tolling. *See Holland* 560 U.S. at 652;[2] *Ross*, 712 F.3d at 803; *Gibbs v. LeGrand*, __ F.3d ___, 2014 WL 4627991, at *3 (9th Cir. Sept. 17, 2014); *see also Maples v. Thomas*, 132 S. Ct. 912, 923–24 (2012). An attorney's total failure to communicate with his client, particularly where the attorney has failed to inform his client that his case has been decided and that decision implicates the client's ability to bring further proceedings, can constitute attorney abandonment, thereby supplying "extraordinary circumstances" justifying equitable tolling of the statute of limitations. *See Holland*, 560 U.S. at 651–52; *Ross*, 712 F.3d at 803; *Gibbs*, 2014 WL 4627991, at *4; *see also Holland*, 560 U.S. at 659–60 (Alito, J., concurring) ("Common sense dictates that a litigant cannot be held constructively responsible for the conduct of an attorney who is not operating as his agent in any meaningful sense of that word."); *Maples*, 132 S. Ct. at 923–24 ("[U]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who has abandoned him. Nor can a client be faulted for failing to act on his own behalf when he lacks reason to believe his attorneys of record, in fact, are not representing him."). Here, Santiago has not claimed (nor does it appear that he could claim) that his attorneys effectively abandoned him. Rather, he asserts that his attorneys made a mistake in determining the deadline to file his habeas petition, which does not constitute an extraordinary circumstance warranting equitable tolling. *See Schlueter v. Varner,*

---

[2] In *Holland*, for example, the petitioner's counsel not only failed to file the petition on time and appeared to have been unaware of the date on which the limitations period expired, but additionally failed to timely file the petition despite the petitioner's many letters repeatedly emphasizing the importance of doing so; further, counsel apparently did not do the research necessary to find out the proper filing date, despite petitioner's letters that went so far as to identify the applicable legal rules. Counsel also failed to inform Petitioner in a timely manner about the crucial fact that the Florida Supreme Court had decided his case, again despite Petitioner's many pleas for that information, and further failed to communicate with his client over a period of years, despite various pleas from Petitioner that he respond to his letters. *Holland v. Florida*, 560 U.S. 631, 652, 130 S. Ct. 2549, 2564, 177 L. Ed. 2d 130 (2010).

384 F.3d 69, 77 (3d Cir. 2004) ("Generally, in a non-capital case . . . , attorney error is not a sufficient basis for equitable tolling of the AEDPA's one-year period of limitation."); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d Cir. 2002) (rejecting petitioner's "argument that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling").

Unfortunately, Santiago has not met his burden of demonstrating extraordinary circumstances sufficient to warrant equitable tolling of the AEDPA statute of limitations. Accordingly, the petition is time-barred.

### III.   RECOMMENDATION

Based on the foregoing, it is recommended that the Petition (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further recommended that the Court decline to issue a certificate of appealability, as the Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated: March 9, 2015                                          *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States Magistrate Judge**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD A. SANTIAGO,<br><br>         Petitioner,<br><br>v.<br><br>PENNSYLVANIA BOARD OF<br>PROBATION AND PAROLE, et al.,<br><br>         Respondents. | CIVIL ACTION NO. 3:14-CV-02266<br><br>(KOSIK, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **March 9, 2015**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: March 9, 2015**                                               *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**