UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

_____

RICHARD A. SANTIAGO, :
        Petitioner, :
: CIVIL ACTION NO. 3:14-CV-2266
    v. :
: (Judge Kosik)
PENNSYLVANIA BOARD OF :
PROBATION AND PAROLE, ET AL., :
        Respondents. :
_____

## MEMORANDUM

    Before the court are Petitioner's Objections (Doc. 5) to the Report and Recommendation of Magistrate Judge Karoline Mehalchick filed on March 9, 2015 (Doc. 4). For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge and will dismiss the Petition for Writ of Habeas Corpus.

## BACKGROUND

    On November 26, 2014, Petitioner filed a Petition for Writ of Habeas Corpus, along with a supporting brief[1] (Doc. 1). The action was assigned to Magistrate Judge Karoline Mehalchick for Report and Recommendation. On December 4, 2014, the Magistrate Judge entered a Rule 4 Order to Show Cause (Doc. 2), directing Petitioner to show cause why the Petition should not be dismissed pursuant to 28 U.S.C. §2244(d), for violating the one-year statute of limitations. On January 5, 2015, Petitioner filed a Brief in Response to the Rule to Show Cause (Doc. 3), arguing that the court should equitably toll the statute of limitations, because

---

[1] We note that the Petition was electronically filed by counsel on behalf of Petitioner and was not signed by either Petitioner or counsel.

Petitioner's counsel misadvised him about the filing deadline. Attached to the Brief was a Declaration of Counsel, asserting that they misadvised Petitioner about the deadline to file his habeas petition.

On March 9, 2015, the Magistrate Judge filed a Report and Recommendation (Doc. 4), wherein she recommended that the Petition for Writ of Habeas Corpus be dismissed. Specifically, the Magistrate Judge found that Petitioner did not meet his burden of demonstrating extraordinary circumstances sufficient to warrant equitable tolling of the AEDPA's statute of limitations. On March 23, 2015, Petitioner filed Objections to the Report and Recommendation (Doc. 5) and a Brief in Support thereof (Doc. 6). Attached to the Objections as Exhibit 1 was a Declaration of Counsel stating that they misadvised Petitioner about the deadline to file his habeas petition.

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(c); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

Initially, we note that Petitioner does not dispute and acknowledges that the instant petition was untimely filed. Thus, the sole issue to be determined is whether the statute of limitations should be equitably tolled under the circumstances of this case.

In the Report and Recommendation, the Magistrate Judge set forth the procedural history in this case and concluded that the instant Petition was untimely in that it was filed outside the statutory period set forth in 28 U.S.C. §2244(d). The Magistrate Judge then discussed whether equitable tolling of the limitations period is warranted under the instant circumstances.

As the Magistrate Judge points out, the United States Supreme Court has held that equitable tolling of the statute of limitations is proper only where the Petitioner "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida. 560 U.S. 631, 649 (2010). Moreover, the Petitioner bears the burden of establishing that he is entitled to the benefit of equitable tolling.

In considering equitable tolling, the Magistrate Judge found that Petitioner appears to have acted with reasonable diligence at each step of the criminal and post-conviction proceedings in the state courts. However, the Magistrate Judge found that as to the second requirement, that some extraordinary circumstance stood in Petitioner's way and prevented timely filing, the fact that his attorneys were mistaken as to the filing deadline, does not rise to the level of "extraordinary circumstances" to warrant equitable tolling.

We agree with the Magistrate Judge's conclusion that equitable tolling is not warranted under the instant circumstances. The Court of Appeals for the Third Circuit has held that in non-capital cases, attorney error, miscalculation, inadequate research or other mistakes have not been found to rise to the extraordinary circumstances required for equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). Moreover, the Court of Appeals for the Third Circuit has found that an attorney's mistake in determining the date a habeas petition is due does not constitute extraordinary circumstances for purposes of equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002).

After reviewing the instant record, we find that Petitioner has failed to meet his burden of demonstrating extraordinary circumstances sufficient to warrant equitable tolling. Despite the Declaration of Petitioner's counsel, we find that the petition is time barred by the AEDPA's statute of limitations[2]. Accordingly, we will adopt the Report and Recommendation of the Magistrate Judge and will dismiss the Petition for Writ of Habeas Corpus. An appropriate Order follows.

---

[2] We note that the cases cited by Petitioner's counsel involved egregious behavior not found in this case.